{¶ 28} I respectfully dissent.
 {¶ 29} First, I believe the admission of the telephone call from Robert Neeley was improper. Much of what he had to say was not based upon personal knowledge but was based upon his conjecture about matters related to his ex-wife's addiction problems. To suggest that she somehow "relapsed" because she was successful in getting a controlled substance through the use of the internet is to fail to understand the whole concept of addiction to controlled substances. The "relapse" was well underway since she was no longer attempting to stay clean and sober one day at a time. She obviously was not maintaining sobriety, or she would not have been seeking the controlled substance again. *Page 12 
Dr. Holzhauser is no more responsible for the woman's addiction problem than the local pharmacy which sold the controlled substance to the woman.
 {¶ 30} To suggest that Mr. Neeley's telephone testimony was necessary to "ensure the development of an adequate record" is to ignore the reality of the hearing before the hearing officer for the State Medical Board of Ohio. The facts about how Dr. Holzhauser prescribed medication were fully developed because Dr. Holzhauser could not have been more cooperative in stipulating the pertinent facts. The telephone testimony of Mr. Neeley was to add emotional impact to the hearing, not develop more facts. The testimony was not needed "to ensure the development of an adequate record." Since no legal procedure was in place to allow the testimony via telephone, it should not have been permitted. To permanently revoke a doctor's right to practice medicine based even in part upon such telephone testimony is a serious mistake.
 {¶ 31} Permitting Mr. Neeley's telephone call as evidence is further complicated by the problem presented in the third assignment of error. The fact that, as a part of her medical career, Dr. Holzhauser devoted five years of 80 to 100 hour weeks to service as the medical director of a rehabilitation center for low-income people with drug and alcohol problems is a fact for which Dr. Holzhauser should be commended, not penalized. All physicians are or should be aware of the diseases of alcoholism and drug addiction. Physicians who work to address those diseases directly should be commended. The evidence does not indicate that Dr. Holzhauser thought she was enabling people with addiction problems while prescribing over the internet. She should not have been penalized because of her noble past service — whether as a direct penalty consideration or as a counterbalance to the mitigation information she provided. *Page 13 
 {¶ 32} I would sustain both the second and the third assignments of error. Since the majority of the panel does not, I respectfully dissent. *Page 1